HALLS, Trustee in Bankruptcy, Respondent, vs. RHODE ISLAND INSURANCE COMPANY, Appellant.

*April 4—May 3, 1927.*

*Insurance: General agent: Power to appoint subagent: Cancellation of policy by insured and subagent before loss: Good faith: Rights of trustee in bankruptcy of insured.*

1. Where, in conducting the business of an insurance company, it was reasonably necessary that the general agent of the insurer act through subagents, such general agent has implied authority to appoint a subagent. p. 19.
2. A general agent having such authority, the insurance company was estopped to deny the agency of a subagent as to a policy on which its general agent had indorsed his name as agent for the delivery of the policy and the cancellation of the premium. p. 19.
3. The agent of the insurance company and the insured having canceled a policy of insurance before a loss occurred and the transaction being in entire good faith, both parties are estopped from denying that it was a completed transaction. p. 19.
4. The insured being estopped from denying that the policy was canceled before loss, his trustee in bankruptcy had no claim thereon against the insurance company. p. 20.

Halls v. Rhode Island Ins. Co. 193 Wis. 16.

APPEAL from a judgment of the circuit court for Pierce county: GEORGE THOMPSON, Circuit Judge. *Reversed, with directions.*

This is an appeal from a judgment in favor of the plaintiff and against the defendant, *Rhode Island Insurance Company,* for $1,342.27 and costs.

This was an action on a fire insurance policy covering a stock of goods, fixtures, and furniture owned by the plaintiff Bothum in a store at Brasington, Pierce county. Trial was had before the circuit judge, a jury being waived. The court found in favor of the plaintiff and rendered judgment accordingly.

*Wm. R. McCaul* of Tomah, for the appellant.

*W. G. Haddow* of Ellsworth, for the respondent.

CROWNHART, J. The facts in this case are not in dispute. They may be briefly summarized as follows: John A. Bothum was running a store at Brasington, Pierce county. Jay H. Grimm was a fire insurance agent at River Falls, in said county. Bothum applied to Grimm by letter for fire insurance. Grimm did not have the required coverage in the companies he represented, but forwarded the application to Fish & Schulkamp, general insurance agents, at Madison, Wisconsin. Fish & Schulkamp wrote three policies to cover the application, one of which was the policy in question. They forwarded the same to Grimm, with Grimm's name written on the back of the policy, to wit: "Jay H. Grimm Ins. Agency." Grimm delivered the policy to Bothum by mail and charged Bothum with the premium. Later, on December 27, 1924, Bothum returned to Grimm one of the policies written in the Farmers Fire Insurance Company, with the request that the same be canceled. Grimm marked the policy canceled, credited Bothum with the return premium, and mailed the policy to the Audit Bureau at Milwaukee. Later, on January 6, 1925, Bothum returned the Rhode Island policy to Grimm

with the request that it be canceled.   Grimm received the policy on the morning of January 8, 1925.   He marked the policy "Cancel—R. P. $14.77," meaning that the return premium was $14.77, and mailed the same to the Audit Bureau at Milwaukee, and credited Bothum with the return premium, $14.77.   The Audit Bureau sent the policy direct to the home office of the company, where it was received January 12, 1925.

The insured property was destroyed by fire on the morning of January 9, 1925, resulting in complete loss.   In February, 1925, Grimm sent Bothum a statement of account showing the two credits above referred to and the amount still due on the policy, which amount has never been objected to and has not been paid.   The $14.77 was the regular return premium to noon, January 8, 1925, under insurance ratings.   Bothum made no claim of loss against the appellant company.   On June 9, 1926, he filed a petition in bankruptcy, and was adjudged bankrupt on July 6, 1925, the respondent herein being appointed trustee in bankruptcy. Bothum did not schedule any claim against the appellant company in bankruptcy proceedings, but in July, 1925, the respondent trustee filed proof of loss against said company with Fish & Schulkamp, and on August 6, 1925, filed proof of loss with the appellant company.

The third policy was written in the Concordia Fire Insurance Company, and that policy was in force at the time of the fire.   Fish & Schulkamp knew of the fire immediately after it occurred and admitted liability on the Concordia policy.   The appellant company denied liability on its policy, claiming that the policy had been canceled prior to the fire.

It is the contention of the appellant that Fish & Schulkamp had implied power to appoint subagents, and that Grimm was a subagent under the facts stated.

Appellant also contends that Grimm was an agent for it by virtue of sec. 209.05, Stats., and had authority to cancel

such policy.   Appellant further contends that the respondent is estopped by the acts of Bothum to deny the agency.

We think Fish & Schulkamp had implied authority to appoint subagents for the appellant.   They were general agents for the appellant to write insurance in the state of Wisconsin, and in the conduct of appellant's business it was reasonably necessary that they act through subagents in placing appellant's business.   2 Corp. Jur. 688, lays down the rule as follows:

"Express authority to appoint subagents is not always necessary, as such authority is usually to be implied when the agency obviously and from its very nature is such as to make the employment of subagents necessary and proper."

In the view we take of this case it is unnecessary to decide the authority of Grimm, in general.   Fish & Schulkamp held him out as an agent when they indorsed his name on the policy as agent for him to deliver and collect the premium.   As we hold that they had authority to appoint subagents, they and the company would be estopped from denying Grimm's agency as to the particular policy.   On the other hand, Bothum, having the right to order his policy canceled, directed Grimm to cancel it.   Grimm promptly complied, computed the correct return premium, and gave Bothum credit on his account for the amount.   Thereafter he sent Bothum a statement of account showing the transaction, to which Bothum offered no objection.   Bothum made no claim against the insurance company and gave it no notice of loss, as required by the policy.   Grimm had canceled the Farmers' policy in the same way at a prior time, and had given credit to Bothum in the same manner for return premium.   It is clear that Grimm and Bothum both acted in entire good faith, were mutually bound by the transaction, and each is estopped from denying the completed transaction.

The trustee in bankruptcy filed a claim of loss with the

company July 25, 1925, but Bothum, in his schedule of assets, did not list a claim against the *Rhode Island Company,* and did list a claim against the Concordia Company. The trustee in bankruptcy got no better title than the bankrupt had. Under the facts the bankrupt had no claim against the appellant at the time he filed his petition in bankruptcy, and the trustee got none by virtue of the bankruptcy proceedings.

*By the Court.*—The judgment of the circuit court is reversed, with directions to dismiss the complaint.